# In the Matter of the Estate of AUGUSTA SATNICK, Deceased.

Surrogate's Court, Bronx County, January 20, 1989

### APPEARANCES OF COUNSEL

*Zerin & Cooper (Jay M. Zerin* of counsel), for petitioner. *Blodnick, Pomerantz, Schultz & Abramowitz, P. C. (Jules A. Epstein* of counsel), for objectant.

### OPINION OF THE COURT

LEE L. HOLZMAN, J.

The primary issues presented in this contested accounting proceeding are whether the executor should be surcharged for failing to account for a substantial sum of cash that decedent had kept in a safe-deposit box and whether United States Series E savings bonds containing both decedent's and objectant's name may be used to pay decedent's debts.

Petitioner contends that *In re Campbell's Estate* (140 NYS2d 863) is authority for paying decedent's debts with United States bonds registered in the decedent's name but payable to

objectant upon her death. Even if this 1955 decision is authority for the proposition cited, which it is not, it clearly only applies to an insolvent estate. It is well settled that assets which pass by operation of law, i.e., are not governed by either the terms of a will or the laws of intestacy, may not be used to pay decedent's debts unless the testamentary assets are insufficient to pay these obligations (Turano and Radigan, New York Estate Administration, at 177-178). In the instant case, although the account filed by petitioner reflects that this is an insolvent estate, as a result of the surcharge imposed relative to the disposition of objection No. 1 there will be sufficient testamentary assets to pay the $44,564.75 in allowed but unpaid claims listed in schedule D. Consequently, petitioner and objectant are each entitled to the bonds in their respective names.

Moreover, even if this were an insolvent estate, the result would be the same. A distinction must be made between the obligation of the designated beneficiary of a United States savings bond to pay a portion of the estate tax owed on the estate of a decedent in whose name the bonds were registered and the beneficiary's obligation to pay decedent's debts. He is obligated to pay the former and has no responsibility relative to the latter. New York law specifically provides that a fiduciary is entitled to recover from such designated beneficiary the ratable amount of the estate tax imposed as a result of the value of the bonds being included in the taxable estate and that the fiduciary is also entitled to retain any property in his possession which would otherwise be payable to such beneficiary until adequate security for the payment of the beneficiary's portion of the estate tax is furnished (EPTL 2-1.8 [e], [f]; 13-3.1). Although the beneficiary of a Totten trust bank account is responsible for decedent's debts in an insolvent estate to the extent of the balance in the account, the beneficiary of United States savings bonds is not in any way responsible to pay decedent's debts in an insolvent estate (nor would the beneficiary of a life insurance policy) unless the bonds at the time of their purchase were obtained with an intent to defraud decedent's creditors *(Matter of Laundree,* 277 App Div 994; EPTL 13-3.1; Hoffman, Practice Commentary, McKinney's Cons Laws of NY, EPTL 13-3.1, at 406; 9D Rohan, NY Civ Prac ¶ 13-3.1 [1]; Turano and Radigan, *op. cit.).* It has been stated that EPTL 13-3.1 constitutes statutory recognition of the supremacy of Federal law to State law insofar as the Federal Government's constitutional right to borrow money

on the credit of the United States is concerned *(Matter of Deyo,* 180 Misc 32; Hoffman, Practice Commentary, *op. cit.).*

Petitioner has misread the decision in *Campbell (supra).* The *Campbell* court was stating that Totten trust accounts could be used to pay the decedent's debts in that insolvent estate but that both the Totten trust accounts and the United States savings bonds were responsible for their pro rata share of estate taxes. To the extent that *Campbell (supra)* could be read as holding to the contrary, it is respectfully submitted that it is incorrect.

[Portions of opinion omitted for purposes of publication.]